

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-26-2006

# Barkley v. Ortiz

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3444

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Barkley v. Ortiz" (2006). *2006 Decisions.* Paper 25.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/25

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3444
_____

RASHAUN BARKLEY,

Appellant

v.

ALFARO ORTIZ; JOHN J. FARMER,
Attorney General of the State of New Jersey

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 01-cv-04530
District Judge: Honorable Faith S. Hochberg

_____

Submitted Under Third Circuit LAR 34.1(a)
on December 4, 2006

Before: RENDELL and AMBRO, <u>Circuit Judges</u>,
and BAYLSON*, <u>District Judge</u>

(Filed: December 26, 2006 )
_____

OPINION OF THE COURT
_____

_____

\* Honorable Michael M. Baylson, Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

RENDELL, Circuit Judge.

Petitioner Rashaun Barkley appeals from an order of the United States District Court for the District of New Jersey denying his application for a writ of habeas corpus under 28 U.S.C. § 2254. We will affirm the order of the District Court.

**I.**

On April 21, 1994, Barkley was convicted by a jury in Essex County, New Jersey of the following counts: aggravated manslaughter; felony murder; six counts of first degree robbery, including five charges of armed robbery; four second degree crimes – conspiracy to commit robbery, simple assault, and two charges of possession of a handgun for unlawful purposes; and four third degree crimes – theft of an automobile, two charges of unlawful possession of a handgun and theft/receiving. For these crimes, committed in the course of a robbery and shooting spree that took place in and around East Orange, New Jersey during the late night and early morning hours of January 15 and 16, 1993, Barkley was sentenced to life in prison plus forty years with fifty years of parole ineligibility.

Though Barkley appealed his convictions, they were affirmed by the Appellate Division of the New Jersey Superior Court. The New Jersey Supreme Court subsequently denied Barkley's petition for certification. Barkley then filed a petition for post-conviction relief, which was denied by the trial court and, on appeal, denied by the Appellate Division. The New Jersey Supreme Court again denied a petition for

2

certification. On December 5, 2001, having exhausted his state remedies, Barkley timely submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging ten different aspects of his conviction. The District Court denied the petition and found no basis for the issuance of a Certificate of Appealability ("COA").

On September 13, 2005, we determined that Barkley's following three claims merited the issuance of a COA: (1) whether the District Court erred in denying the writ of habeas corpus as to Appellant's claim that he was denied his constitutional right to due process because of the trial court's failure to exclude witness testimony that was tainted by an allegedly suggestive photo array; (2) whether the District Court erred in denying the writ of habeas corpus as to Appellant's claim that he was denied his constitutional right to due process due to the trial court's improper jury instructions on accomplice liability, which precluded the jury's consideration of lesser-included offenses; and (3) whether the District Court erred in denying the writ of habeas corpus as to Appellant's claim that the cumulative error regarding the photo identification and the jury instructions denied Barkley his constitutional right to due process.

## II.

We have jurisdiction to review these claims under 28 U.S.C. §§ 1291 and 2253. In doing so, "we must give considerable deference to the determinations of state courts." *Duncan v. Morton*, 256 F.3d 189, 196 (3d Cir. 2001). We will apply "a plenary standard of review when a district court dismisses a habeas petition based on a review of the state

3

court record and does not hold an evidentiary hearing, as in this case." *Id*. Finally, in conducting our analysis, "we must afford state courts' factual findings a presumption of correctness, which the petitioner can overcome only by clear and convincing evidence. This presumption applies to the factual determinations of both state trial and appellate courts." *Id*. (citations omitted).

A federal court may grant relief to a habeas applicant "with respect to any claim that was adjudicated on the merits in State court proceedings," only if the state's adjudication of the claim was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent under § 2254(d)(1) where the state court reached a "conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision is an "unreasonable application" under § 2254(d)(1) if the court "identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme Court's

precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir. 2002) (citing *Williams*, 529 U.S. at 407).

Therefore, to succeed under this framework, Barkley must show that the state court rejected his photo array and jury instruction arguments in a manner "contrary to, or involv[ing] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." For the reasons set forth below, we conclude that Barkley has failed to make such a showing.

## III.

Barkley first argues that the testimony of prosecution witness Phillissa James, the only witness to identify Barkley before and at trial, should have been excluded because it was tainted by the police's use of impermissible pretrial identification procedures and a suggestive photo array. It is clear that "convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside . . . only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968). In evaluating such claims, we first look to whether the identification procedures employed by police were inherently suggestive and then determine whether, despite this suggestiveness, the witness's identification was nevertheless reliable. *Neil v. Biggers*, 409 U.S. 188, 198-99 (1972).

5

Although Barkley has correctly identified *Simmons* and *Neil* as the relevant precedent, he has not shown that the trial court's failure to suppress James's testimony constituted a decision that was "contrary to" or an "unreasonable application of" the holdings in those cases. In fact, Barkley's brief does no more than merely assert that the "transcripts indicated that the procedure by its nature was impermissibly suggestive." In providing no factual support for this claim, Barkley fails to sufficiently explain how the police's pretrial photo identification procedures were suggestive or otherwise gave rise "to a very substantial likelihood" that James misidentified Barkley at trial.

Our own review of the trial court's transcript confirms that Barkley has failed to meet his burden.[1] Neither James's testimony nor that of the investigator who presented her with the photo array reveals any indication that the police employed a suggestive procedure. The trial record shows that the police presented James with photos of individuals of the same race, similar skin color, similar facial composition and similar clothing. Moreover, the relevant testimony explicitly indicates that the police investigator refrained from speaking to James while she examined the photos. In ruling on Barkley's

---

[1]Although the Appellate Division of New Jersey's Superior Court rendered the final state court decision on Barkley's constitutional attack on the photo array, the Court did so without discussion, merely stating that Barkley's argument was "without merit." Our habeas analysis must therefore look to the trial court's ruling on Barkley's motion to suppress to determine if *that decision* constituted a ruling that was "contrary to" or "an unreasonable application of" federal law. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) (holding that where "there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground").

6

motion to suppress, the trial court judge held that "the array in and by itself does not appear to be suggestive of the identification to be made by the victim in these circumstances." The District Court agreed. Barkley has advanced no reason why we should upset either of these determinations.

## IV.

Barkley next argues that, in ruling on his direct appeal, the New Jersey Superior Court erred in rejecting his argument that the trial court's jury instructions on accomplice liability improperly failed to notify the jury that they could find Barkley guilty of a crime of lesser degree than the principal if they were to find that Barkley possessed a mental state lower than that of the principal. However, on appeal, Barkley did not argue that the trial court's allegedly improper jury instructions ran afoul of any federal constitutional provision. Rather, as is clear both from his state appellate brief and from the New Jersey Superior Court's opinion, Barkley argued that the trial court's jury instructions violated New Jersey law as set forth in *State v. Weeks*, 526 A.2d 1077 (N.J. 1987) and *State v. Bielkiewicz*, 632 A.2d 277 (N.J. Super. App. Div. 1993).

We may not review the New Jersey Superior Court's rejection of these arguments. Under 28 U.S.C. § 2254, our task is to determine whether Barkley "is in custody in violation of the *Constitution or laws or treaties of the United States*." (emphasis added). The Supreme Court has clearly interpreted this provision to mean that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67

7

(1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).  Therefore, "it is not the province of a federal habeas court to re-examine state court determinations on state-law questions."  *Estelle*, 502 U.S. at 67-68.

Furthermore, to the extent that he tries to do so, Barkley may not now raise federal legal or constitutional arguments that he previously failed to raise in state court.  "If state avenues of relief, including post-conviction proceedings, have been exhausted, but the petitioner has failed to raise the alleged grounds for error, the claim is procedurally defaulted and may not be raised in federal court."  *Hull v. Kyler*, 190 F.3d 88, 97 (3d Cir. 1999).  "Procedural default may be excused if a petitioner can show 'cause' and 'prejudice' or that a 'fundamental miscarriage of justice' would result."  *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001).  Barkley has not suggested any grounds on which default might be excused, nor are any apparent to us.

In analyzing a habeas petition, we evaluate the relevant state court's application of federal law and determine whether that reasoning comports with precedent.  Here, the New Jersey Superior Court did not apply or analyze federal law because Barkley did not prompt it to do so.  Therefore, Barkley's claim that the New Jersey Superior Court improperly ruled on his jury instruction argument cannot give rise to habeas relief.

## V.

Finally, Barkley argues that the New Jersey courts' cumulative error in ruling on his photo identification and jury instruction arguments deprived him of due process.

8

Because we have found no error in the New Jersey court's ruling on the photo identification question and because we have determined that Barkley's jury instruction argument cannot give rise to habeas relief, we find this contention to be without merit.

**VI.**

For the reasons set forth, we will AFFIRM the order of the District Court.

_____